IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: AFLIBERCEPT PATENT LITIGATION

MDL No.: 1:24-md-3103-TSK

**THIS DOCUMENT RELATES TO**
**CASE NOS. 1:22-cv-00094-TSK,**
**1:23-cv-106-TSK**

### ORDER EXTENDING TEMPORARY RESTRAINING ORDER

On May 17, 2024, the Court granted Plaintiff's Motion for Temporary Restraining Order, which Order will expire on May 31, 2024, "unless, before that time, the Court for good cause extends the duration of the Order or Defendant consents." Civil Action No. 1:23-cv-94-TSK, Dkt. No. 224 at 4.

Pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure, this Court may extend a temporary restraining order ("TRO") for up to 14 additional days from the date of its expiration, upon a finding of good cause. Fed. R. Civ. P. 65(b)(2); *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 440 n.15 (1974).

"The purpose of a TRO is to 'preserve the status quo only until a preliminary injunction hearing can be held.'" *ClearOne Advantage, LLC v. Kersen*, -- F. Supp. 3d --, 2024 WL 69918, at *2 (D. Md. Jan. 5, 2024) (quoting *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999)). As such, good cause to extend the TRO exists where additional time is needed for the adjudication of the preliminary injunction motion. *See, e.g.*, *Costa v. Bazron*, 2020 WL 2410502, at *2 (D.D.C. May 11, 2020) ("[C]ourts have . . . found 'good cause' where more time is needed fully to consider the parties' arguments and motions[.]"); *Versaterm Inc. v.*

1

*City of Seattle*, 2016 WL 4399634, at *1 (W.D. Wash. Aug. 18, 2016) (extending a TRO "until such time as the court resolves [plaintiff]'s pending motion for a preliminary injunction").

The Court makes the following findings of fact and conclusions of law:

1. On May 17, 2024, the Court issued a Temporary Restraining Order enjoining Defendant from manufacturing, using, offering to sell, or selling within the United States, or importing into the United States without a license from Regeneron any product that is the subject of BLA No. 761350. Dkt. No. 224 at 3.

2. The Temporary Restraining Order will expire on May 31, 2024 if not extended. Dkt. No. 224 at 3-4.

3. Plaintiff's Motion for a Preliminary Injunction has been fully briefed and is pending before the Court. Dkt. Nos. 118-5; 164-2; 194-2.

4. Under the circumstances, there is good cause to extend the Temporary Restraining Order for an additional fourteen days. The myriad issues presented by the preliminary injunction motion, coupled with the Court's schedule, may prevent its adjudication before the expiration of the Temporary Restraining Order by the end of the month.

5. For the reasons detailed in the Court's initial grant of the Temporary Restraining Order, (1) Plaintiff has demonstrated a likelihood of success on the merits of its infringement claims; (2) Plaintiff is likely to suffer irreparable harm if defendant were to launch its product in the absence of temporary injunctive relief, only to be later subject to a preliminary injunction; (3) the balance of hardships imposed by the temporary restraining order favors Plaintiff, not Defendant; and (4) the public interest favors temporarily restraining Defendant until the preliminary injunction motion is

decided. Dkt. No. 224 at 2-3. The Court therefore finds good cause to extend the Temporary Restraining Order, so that the status quo is preserved until the adjudication of the preliminary injunction motion.

It is therefore **ORDERED THAT:**

Pursuant to Federal Rule of Civil Procedure 65(b)(2), for good cause, the Temporary Restraining Order, Dkt. No. 224, is extended for fourteen days beyond its original expiration. Defendant and others encompassed by the Temporary Restraining Order shall continue to be temporarily restrained and enjoined according to the terms of the Temporary Restraining Order, Dkt. No. 224.

DATED: May 30, 2024

*Tom S Kleeh*

Hon. Thomas S. Kleeh, Chief Judge