IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE: AFLIBERCEPT PATENT
LITIGATION

MDL NO. 1:24-MD-3103-TSK

THIS DOCUMENT RELATES TO
CASE NOS.
1:23-CV-94
1:23-CV-97
1:23-CV-106

**ORDER DENYING MOTIONS TO STRIKE RELATING TO THE ATWAL DECLARATION [ECF NOS. 168, 171]**

Defendants Formycon AG and Samsung Bioepis Co., Ltd. (together, "Defendants") filed a motion to strike, which is currently pending [ECF No. 168]. In it, Defendants ask the Court to strike certain sections of the Opening Declaration of Dr. Ranjit Singh Atwal (the "Atwal Declaration"), which was submitted by Plaintiff Regeneron Pharmaceuticals, Inc. ("Regeneron") in connection with its motion for preliminary injunction. Specifically, Defendants argue that the Atwal Declaration is unreliable and irrelevant to the motion for a preliminary injunction because Dr. Atwal bases his opinions on a legally incorrect definition of the knowledge of the person of ordinary skill in the art ("POSA"). The motion is fully briefed.

Before filing a response to the motion to strike, Regeneron

IN RE: AFLIBERCEPT PATENT LITIGATION                    1:24-MD-3103

**ORDER DENYING MOTIONS TO STRIKE RELATING TO THE ATWAL DECLARATION [ECF NOS. 168, 171]**

filed an "emergency"[1] motion to strike the motion to strike [ECF No. 171]. Regeneron argues that Defendants' motion to strike, which was filed simultaneously with Defendants' responses in opposition to the motion for preliminary injunction, is an effort to circumvent the Court's page limit with respect to the preliminary injunction briefs. Regeneron argues that Defendants' motion to strike does not contend that the Atwal Declaration is "redundant, immaterial, impertinent, or scandalous" under Rule 12(f), but, rather, argues that it is "legally incorrect." Accordingly, Regeneron argues that the issue should have been raised in Defendants' response briefs.

Recently, the United States District Court for the District of Maryland thoroughly discussed the proper standard to apply when reviewing a motion to strike at the preliminary injunction stage:

> Plaintiffs argue that the Motion to Strike is governed by Federal Rule of Civil Procedure 12(f), which authorizes a Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). (ECF No. 62 at 3–4.) This argument is unavailing. The rule by its terms applies only to "pleading[s]," not other documents such as those connected to a motion for a preliminary injunction. Fed. R. Civ. P. 12(f). Although "some cases have held that Rule 12(f) may be used to strike documents other than pleadings, the weight of authority

---

[1] The Court and the parties have different understandings of what constitutes an emergency.

2

> is that such an action is not contemplated or permitted by the Rules." Anusie-Howard v. Todd, 920 F. Supp. 2d 623, 627 (D. Md. 2013) (footnotes omitted), aff'd, 615 F. App'x 119 (4th Cir. 2015) (mem.). "That said, the United States Court of Appeals for the Fourth Circuit has recognized that district courts have inherent power to strike other types of documents for just cause[.]" Gaskins v. Baltimore City Pub. Schs., Civ. No. JKB-15-2961, 2016 WL 192535, at *3 (D. Md. Jan. 15, 2016), aff'd sub nom. Gaskins v. Abiodun, 649 F. App'x 307 (4th Cir. 2016); see also Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107 (2017) ("Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." (Internal quotation marks omitted)). But "because of their very potency, inherent powers must be exercised with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991). Thus, the Court will consider whether it finds it appropriate, in its discretion and in the context of a motion for preliminary injunction, to use its inherent power to strike the Aru Declaration.

G. W. Aru, LLC v. W. R. Grace & Co.-Conn., No. JKB-22-2636, 2023 WL 5434666, at *1 (D. Md. Aug. 23, 2023). As the court notes, the Supreme Court of the United States has observed that

> [t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. Given this limited purpose, and given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits.

Id. at *2 (citing Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981)). "Therefore, '[b]ecause preliminary injunction proceedings are informal ones designed to prevent irreparable harm before a later trial governed by the full rigor of usual evidentiary standards, district courts may look to, and indeed in appropriate circumstances rely on, hearsay or other inadmissible evidence when deciding whether a preliminary injunction is warranted.'" Id. (citing G.G. ex rel. Grimm v. Gloucester Cnty. Sch. Bd., 822 F.3d 709, 725–26 (4th Cir. 2016), vacated on other grounds, Gloucester Cnty. Sch. Bd. v. G.G., 137 S. Ct. 1239 (2017) (mem.)).

As the court further discussed, "district courts in this circuit have held that defects in evidence offered in support of a preliminary injunction motion generally go to the weight of the evidence rather than whether the Court may consider it at all":

> [S]ome courts have decided to consider all proffered evidence and assign it whatever weight is appropriate under the circumstances. See Hispanic Nat'l Law Enforcement Assoc. NCR v. Prince George's Cnty, 535 F. Supp. 3d 393, 409–10 (D. Md. 2021) (denying a motion to strike allegedly inadmissible declarations in support of a preliminary injunction motion); Stone v. Trump, 280 F. Supp. 3d 747, 767 (D. Md. 2017) (stating, in connection with a motion for preliminary injunction, that "[t]he weight to be accorded to affidavit testimony is within the discretion of the court, and statements based on belief rather than

personal knowledge may be discounted"). Others, when presented with proffered expert testimony related to a preliminary injunction motion, have undertaken a "less formal review" of the testimony to see whether it contains the indicia of reliability that courts look for in serving their gatekeeper function under Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993). See Defs. of Wildlife and S.C. Coastal Conservation League v. Boyle, Civ. No. 2:22-112-RMG, 2023 WL 2770280, at *2 (D.S.C. Apr. 4, 2023).

Id.

Upon careful review of the parties' briefs and the governing law, the Court rejects Regeneron's argument that Defendants' motion was solely an attempt to circumvent the page limits. The Court will exercise its discretion to consider the Atwal Declaration and afford it the appropriate weight in determining whether a preliminary injunction is appropriate. Both motions to strike are **DENIED** [ECF Nos. 168, 171].

It is so **ORDERED**.

The Clerk is **DIRECTED** to transmit copies of this Order to counsel of record.

DATED: June 14, 2024

*/s/ Thomas S. Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA